NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

VILMA CLARIBEL MENDEZ-GARCIA
DE MENDEZ; JILBER ALEXIS
MENDEZ-MENDEZ; SEIDY ANAYANCI
MENDEZ-MENDEZ; F. A. M.-M.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-3575

Agency Nos.
A215-651-055
A215-651-056
A215-651-057
A215-651-058

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2026[**]
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

Vilma Claribel Mendez-Garcia de Mendez and her minor children,[1] natives

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]    The children are derivative beneficiaries of Mendez's asylum application and did not separately seek relief.

and citizens of Guatemala, petition for review of a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.[2]

1.      To qualify for asylum or withholding based on abuse by her husband, de Mendez must establish "that the government is unable or unwilling to control" him. *Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013); *see* 8 C.F.R. § 1208.1(e). We review the agency's conclusion that she did not meet this burden for substantial evidence.[3] *Diaz v. Bondi*, 129 F.4th 546, 552, 555 (9th Cir. 2025).

The BIA determined that de Mendez had not established the Guatemalan government was unable or unwilling to protect her because she "had an official government order to keep her husband out of the house." De Mendez argues that, despite the restraining order, her husband continued his persecution. But she described only one encounter during the five years after the restraining order was issued and testified that the restraining order was effective. In any event, the

---

[2]     De Mendez does not challenge the agency's denial of protection under the Convention Against Torture. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (holding that issues not raised in an opening brief are forfeited).

[3]     De Mendez argues this is a mixed question of law and fact reviewed de novo. We disagree. The BIA has consistently held that "[w]hether a government is unable or unwilling to protect an individual from persecution is a question of fact . . . review[ed] for clear error." *Matter of C-G-T-*, 28 I. & N. Dec. 740, 743 (BIA 2023); *see also* 8 C.F.R. § 1003.1(d)(3)(i).

Guatemalan government's failure to stop all abuse does not compel the conclusion that it was unable or unwilling to protect de Mendez. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

2. "An asylum applicant must demonstrate that a protected ground was 'at least one central reason' for her persecution," while "[a] withholding of removal applicant . . . must prove only that a cognizable protected ground is 'a reason' for future persecution." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (cleaned up). The BIA determined that, under either standard, de Mendez failed to establish a nexus between a sexual assault by her cousin when she was a child and her membership in the proposed particular social group of Guatemalan girls. Because de Mendez provided no evidence of her cousin's motives and relied solely on general country conditions evidence about misogyny in Guatemala, substantial evidence supports the agency's conclusion. *See Navas v. INS*, 217 F.3d 646, 656-57 (9th Cir. 2000) (stating that an applicant must "introduce *some* evidence of the persecutors' motive" to establish nexus (cleaned up)).

3. The agency's conclusion that de Mendez failed to demonstrate that the Guatemalan government is unable or unwilling to protect de Mendez from her husband precludes relief, so we need not consider her remaining arguments about her husband. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 n.3 (9th Cir. 2020). Similarly, the agency's no-nexus finding regarding the assault by de

Mendez's cousin "necessarily defeat[s] both her asylum and withholding claims" based on the assault. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023).

**PETITION FOR REVIEW DENIED.**[4]

---

[4] The temporary stay of removal, **Dkt. 9,** will dissolve upon issuance of the mandate.